STATE of Wisconsin, Plaintiff-Respondent,

v.

Harold A. FRASE, Defendant-Appellant.

Supreme Court

*No. 86–0916. Submitted on briefs April 1, 1987.—Decided June 1, 1987.*

(Review of a decision of the court of appeals.)

(Also reported in 406 N.W.2d 411.)

For the defendant-appellant there was a brief by *Scott B. Rasmussen* and *Rasmussen Law Offices,* Beaver Dam.

For the plaintiff-respondent there was a brief by *George B. Schwahn,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

STEINMETZ, J. The issue in this case is whether a 14-month delay in commencing an habitual traffic offender's prosecution under sec. 351.04, Stats. (1983–84)[1] denied Harold A. Frase due process of law.

This is a review of a decision of the court of appeals affirming an order of the circuit court for Dodge county, the Honorable Lewis W. Charles, presiding. The trial court in its decision and order found that the defendant was prejudiced by the delay but that it was in no way intentional and declared him to be an habitual traffic offender based upon his driving record, and accordingly, revoked his driving privileges in the state for a period of five years commencing on

---

[1]Sec. 351.04, Stats. (1983–84) provides as follows:

"**Petition to be filed by district attorney or attorney general.** The district attorney for the county in which the person resides, upon receiving the certified copy of record from the secretary under sec. 351.03, shall file a petition in the circuit court for the county in which the person resides. In the case of nonresidents, the attorney general shall file the petition in the circuit court for Dane county."

July 13, 1984, pursuant to sec. 351.06, Stats. (1983–84).[2]

The court of appeals in an unpublished decision held that the defendant was not prejudiced by the 14-month delay in prosecution by the district attorneys office, that there was no showing of intentional delay by the state to gain some tactical advantage over the defendant, that there was no denial of due process and, therefore, affirmed the decision of the circuit court.

The defendant, Harold A. Frase, was convicted of reckless driving on July 10, 1981, and operating under the influence of intoxicants on June 26, 1981, April 24, 1984, and May 17, 1984. On July 13, 1984, the Wisconsin Department of Transportation sent a certificate together with a certified copy of defendant's driving record abstract, a summary sheet and copies of citations to the Dodge county district attorneys office. On September 6, 1985, then Assistant District Attorney Kenneth N. Johnson, prepared a petition for the purpose of obtaining an order to show cause why the defendant should not be barred from operating a motor vehicle for a period of five years in Wisconsin pursuant to secs. 351.04, 351.05 and 351.06, Stats.

---

[2]Sec. 351.06, Stats. (1983–84) provides as follows:

"**Order of court.** If the court finds that the person before it is not the same person named in the record or that he or she is not a habitual traffic offender or repeat habitual traffic offender, the proceedings shall be dismissed. If the court finds that the person is the same person named in the record and that he or she is a habitual traffic offender or repeat habitual traffic offender, the court shall order the person's Wisconsin operating privilege revoked for a period of 5 years and shall require surrender to the court of any Wisconsin licenses then held by the person. The clerk of the court shall file a copy of the order with the department which shall become a part of the records of the department."

(1983–84).[3] On September 10, 1985, the Dodge county circuit court issued an order to show cause why the defendant should not be barred from operating a motor vehicle in this state for a period of five years because of his conviction record.

The petition and order to show cause were personally served on the defendant on September 10, 1985. On September 24, 1985, Assistant District Attorney Johnson sent a letter, together with the petition, order to show cause and certified record to the defendant. This was 14 months after the Department of Transportation sent the certificate and other documents to the district attorney's office.

The circuit court held a hearing on the state's petition and the court's order to show cause on

[3]Sec. 351.05, Stats. (1983–84) provides as follows:

"**Order to show cause; service on person named as habitual traffic offender or repeat habitual traffic offender; procedure where conviction denied.** The court in which the petition under sec. 351.04 is filed shall enter an order to show cause incorporating the certified record and directed to the person named therein, stating why he or she should not be barred from operating a motor vehicle in this state. A copy of the order to show cause, together with the record and a statement explaining the effects of being adjudged a habitual traffic offender or repeat habitual traffic offender, shall be served on the person named therein as prescribed for the service of a summons under ch. 801. Service on any nonresident may be made by service upon the secretary using the procedure specified in sec. 345.09. If the person denies he or she was convicted or found in violation of any offense necessary for a holding that he or she is a habitual traffic offender or repeat habitual traffic offender, and if the court is not able to make the determination on the evidence before it, the court may certify the decision of the issue to the court in which the conviction or finding of violation was made. The court to which the certification was made shall conduct a hearing to determine the issue and send a certified copy of its final order determining the issue to the court in which the petition was filed."

February 27, 1986. At the hearing, the defendant filed a motion to quash the habitual traffic offender proceeding together with an affidavit in support thereof.

In the affidavit attached to the motion to quash, the defendant admitted that he was charged with operating a motor vehicle under the influence on February 21, 1984, that he pled guilty to the charge and that his license was revoked for a period of one year commencing on May 17, 1984. The defendant stated he paid a fine and completed a 30-day inpatient treatment program at the Dodge County Alcohol-Drug Center. He also stated that at the completion of the revocation period, he applied for reinstatement, passed the written and physical test, paid the reinstatement charges, obtained special auto insurance, was reissued a license and purchased a new vehicle at a cost of over $24,500. The defendant argues that the 14-month delay in instituting the habitual traffic offender proceeding, which was some months after his license was reinstated, constituted unreasonable delay, and prejudicial and constituted a denial of due process.

The defendant stated in his brief in support of the motion to quash that: "On July 13, 1984, the Division of Motor Vehicles issued a certificate notifying the District Attorney that affiant [defendant] had accumulated 4 convictions under Sec. 351.03, Stats." While challenging the delay in prosecution, the defendant has not challenged the propriety of the certificate itself, nor has he contested the fact that he committed and was convicted of the four offenses. The district attorney argued that it must be shown that the delay to violate due process results in actual prejudice to a defendant, or was an intentional device by the state to

gain a tactical advantage over the defendant or was brought solely to harass the defendant.

The circuit court decided the defendant was prejudiced by the delay but it was in no way intentional. The court found the defendant to be an habitual offender and ordered that his driving privileges in the state of Wisconsin be revoked for a period of five years commencing July 13, 1984.

Pursuant to sec. 351.02(1)(a), Stats. (1983–84)[4] any person operating a motor vehicle who is convicted of four or more offenses including reckless driving and driving while under the influence of alcohol within a five-year period is an habitual traffic offender. Within

---

[4]Sec. 351.02(1)(a), Stats. (1983–84) provides as follows:

"(1) 'Habitual traffic offender' means any person, resident or nonresident, whose record, as maintained by the department shows that the person has accumulated the number of convictions for the separate and distinct offenses, regardless of the license under which the person was operating a motor vehicle, under par. (a) or (b) committed within a 5-year period as follows:

"(a) Four or more convictions of the following separate and distinct offenses, including any combination thereof:

"1. Homicide under sec. 940.06, 940.08 or 940.09 involving the use of a vehicle.

"2. Reckless driving under sec. 346.62.

"3. Driving or operating a motor vehicle in violation of sec. 346.63(1) or (2).

"4. Operating a motor vehicle while his or her license or operating privilege is suspended or revoked under sec. 343.44.

"5. Making any false statement to the department under sec. 345.17.

"6. Any crime punishable as a felony under chs. 341 to 348 or any felony in the commission of which a motor vehicle is used.

"7. Failure of the operator of a motor vehicle involved in an accident to stop at or near the scene of the accident and report his or her identity under sec. 346.67.

"8. Fleeing or attempting to elude an officer under sec. 346.04(3)."

a period of less than three years, the defendant was convicted once for reckless driving and three times for driving while under the influence of an intoxicant. If a court finds that the person named is the same person named in the record and he has been convicted of four or more offenses contained in sec. 351.02(1)(a) within a period of five years, the court is required pursuant to sec. 351.06 to revoke the person's driving privileges in this state for a period of five years.

We note that 1985 Wisconsin act 71 completely revised the procedure for convicting repeat habitual traffic offenders. The act, effective November 23, 1985, created sec. 351.025, Stats., which gave the secretary of the Department of Transportation the power and duty to revoke operating privileges directly, without prosecution by the district attorney. The revocation is effective on the date the department mails the notice of revocation. Other statutes created in that act provide that the revocation is final unless the person charged files a petition for a hearing. If such a hearing is held, the district attorney or attorney general will represent the secretary. The scope of any such hearing is whether the person revoked is the same person convicted of the offenses shown in the driving record.

Some of the procedures in the present case occurred after the effective date of the 1985 Wisconsin act 71; the pertinent referral of the driving record and delay in prosecution took place before the effective date of 1985 Wisconsin act 71. The issue before us, however, is whether due process was violated due to delay in conducting the hearing. The court of appeals held that the defendant was not denied due process and affirmed the order of the circuit court.

The defendant relies on *State v. Strassburg,* 120 Wis. 2d 30, 352 N.W.2d 215 (Ct. app. 1984) in arguing

479

that a two-prong test must be met to satisfy due process and that in the disjunctive if either one of the prongs is satisfied then due process is violated. The language relied on in *Strassburg* is:

> "For this delay to violate due process, however, it must be shown that the delay resulted in actual prejudice to the defendant *or* was an intentional device by the state to gain a tactical advantage over the accused or was brought solely to harass the accused. *State v. Kamalski,* 429 A. 2d 1315, 1319 (Del. Super. Ct. 1981)." *Id.* at 36. (Emphasis added.)

The actual prejudice that may occur to a defendant by delay in prosecution was defined by the United States Supreme Court in *United States v. Marion,* 404 U.S. 307, 321 (1971) as: "Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself." And:

> "Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial *and* that the delay was an intentional device to gain tactical advantage over the accused." *Id.* at 324. (Emphasis added.)

Thus, the United States Supreme Court states the two-prong test is in the conjunctive, prejudice to the defendant's defense and intentional delay to gain tactical advantage over the defendant. *Strassburg* stated the test in the disjunctive, prejudice to the

defendant or intentional delay by the government to gain tactical advantage.

There is no evidence in this record that the delay was intentional or intended to harass the defendant or give the state a tactical advantage over the defendant. The only defense available to a charge of habitual traffic offense is a defense of identity, and Frase did not challenge the state's assertion that he committed these offenses, nor did he counter the proof of his convictions. The only prejudice that could matter in a due process sense is prejudice to the defendant's ability to present a defense that would interfere with this right to receive a fair trial. This defense of identity could not possibly have been prejudiced by the delay in prosecution; both Frase's identity and his record of traffic offenses would remain the same for the times relevant to his action.

Since Frase cannot claim either intentional delay or prejudice, neither prong of the tests used in *Marion* and *Strassburg* was met. Because neither prong was met, it is not necessary to determine if both intent and prejudice are necessary (the conjunctive test of *Marion*) or if only one of the elements, intent or prejudice, is required (the disjunctive test of *Strassburg*).

Frase's right to a fair trial and due process have not been violated under either the *Marion* or the *Strassburg* standards and his conviction is therefore affirmed.

Frase correctly asserts that sec. 347.04, Stats., requires a district attorney to file an habitual traffic offender petition upon receipt of a defendant's driving record from the Motor Vehicle Division. He then reiterates his argument that the district attorney's failure to promptly follow sec. 351.04 deprived him of

481

due process. We have already explained why he has not been denied due process.

■

As we have found that Frase was treated fairly in determining his status as an habitual traffic offender, we also find that there is no reason Frase should not be treated as any other habitual traffic offender. Due to the lack of a complete record treating Frase's reinstatement or the lack of it on appeal, we are unable to determine the actual period of the suspension of his license under the habitual traffic offender statute, and we therefore remand the matter to the trial court. The statute requires a five-year revocation of his license privileges from the date of the finding by the trial court that Frase was subject to the penalty of sec. 351.06, Stats. (1983–84), which was May 1, 1986. He is not entitled to receive any tolling of the five-year revocation due to his appeal, nor was the trial court empowered under the statute to back-date the start of the suspension period. Nor is the concession of the district attorney valid since the statute unambiguously requires the five-year revocation from the finding of habitual traffic offender status.

*By the Court.*—The decision of the court of appeals is modified and as modified, affirmed.